ABEL CROOK, Respondent, *v.* GEORGE E. HAMLIN et al.,
Impleaded, etc., Appellants.

The reading by the court on trial at Special Term of the minutes of testimony taken out of court, or of documents, may be dispensed with where the counsel on the trial or argument agree upon or orally state the contents thereof to the court, and, for the purposes of review, the minutes or documents so referred to may be incorporated in the case.

A motion to set aside a judgment entered upon a decision of the court at Special Term was based on the ground that a large part of the testimony was taken out of court before a stenographer, and that the case was decided by the court without having heard or read such testimony. It was conceded that said testimony was not written out by the stenographer, or in any way presented by him to the court, but the opposing affidavits stated that the judge holding the court was present during the taking of most of said testimony, and so much of it as was not heard by him was substantially conceded by counsel on both sides on the argument at the close of the trial; this was not disputed. *Held,* that it could not be said, as matter of law, that the testimony was not known to the court; and so, that the motion was properly denied.

(Argued November 27, 1893; decided December 5, 1893.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 8, 1893, which affirmed an order of Special Term denying a motion to vacate a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and to grant a new trial.

The facts, so far as material, are stated in the opinion.

*Henry Thompson* for appellant. The evidence, except a small fraction thereof, having been neither heard nor read nor considered by the justice in making his decision who sat as sole judge to "hear and determine" both the issues of law and of fact, the proceedings did not amount to a trial, the alleged "decision" of the case is invalid, and the judgment entered thereon should be held altogether null and void, and the case sent to another judge for a trial. (Code Civ. Pro. §§ 965, 969, 976; Code Pro. §§ 253, 254; *Acker* v. *Leland*, 109 N. Y. 5, 10; *Place* v. *B. W. Co.*, 28 How. Pr. 184;

*Mora* v. *G. W. Ins. Co.*, 10 Bosw. 622, 623 ; *People* v. *Shaw,* 63 N. Y. 36 ; *People* v. *Bork,* 96 id. 188.)

*John L. Hill* for respondent. The facts were before the judge in part by the testimony taken in his hearing and the balance by concession of the counsel at the time the case was closed. Such assumed facts are taken as admitted, and cannot be questioned on appeal. (*Cooper* v. *Bean,* 5 Lans. 318 ; *Munson* v. *Hegeman,* 10 Barb. 112 ; *Dutcher* v. *Porter,* 63 id. 15.) The presumption is that the judge has found every material fact necessary to sustain the judgment, which there was evidence tending to establish, fairly and reasonably justifying the finding that it was proved. (*Rankin* v. *Nelson,* 10 N. Y. S. R. 337 ; *Tracey* v. *Altmayer,* 46 N. Y. 604 ; *Carr* v. *Carr,* 52 id. 257 ; *West* v. *Van Tuyl,* 119 id. 620.)

*Per Curiam.* The motion is based on the ground that the case was decided by the judge without having heard or read the testimony. It is, of course, essential to a judicial trial that the evidence taken should in some form be presented to the judge before decision. The proceeding in this case was very informal, and the practice adopted was quite liable to lead to mistakes and misunderstandings both on the part of counsel and the court, to the prejudice of one or other of the parties, and ought not to be encouraged. But the judge before whom the trial was had has refused to set aside the judgment, and his order has been affirmed by the General Term. The only question before us is whether there were any facts stated in the motion papers from which it could be found that the evidence taken out of court before the stenographer was brought to the attention of the judge before deciding the case. It is conceded that it was not written out by the stenographer or in any way presented by him to the judge, and it embraced a large part of the evidence in the case. But in answer to the moving affidavits the plaintiff presented an affidavit in which he stated that, although Justice PRATT was not actually present during all the time when testimony was taken, " he was

present during a large portion thereof, and so much as was not then heard by him was substantially conceded in the argument addressed to the court on both sides at the close of the trial."

This statement was not contradicted. The statement is to the effect that the evidence taken out of court was brought to the attention of the court on the argument by counsel on both sides, they conceding and agreeing upon the substance thereof. At least the judge hearing the motion might so construe its meaning. It cannot be said as matter of law upon this state of facts, that the evidence was not known to the court when the case was decided. The reading by the judge of the minutes of the evidence taken out of court, or of documents, may be dispensed with where counsel upon a trial or argument agree upon, or orally state to the judge what the minutes or documents contain, and for the purposes of review the minutes or documents so referred to may be incorporated in the case. Here the evidence taken before the court stenographer was potentially before the court, although not written out. Any disregard of the forms of administering justice, which may weaken the security of rights or subject them to prejudice from infirmity of memory, ought to be avoided when practicable. But we perceive no ground in law for interference with the decision of the motion.

The order should be affirmed, with costs.

All concur, except EARL and GRAY, JJ., dissenting.

Order affirmed.